**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:15-cv-00594-RJC-DSC**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **ORDER** |
| ) | |
| **JUDSON E. WALKER,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Default Judgment, (Doc. No. 19), and Plaintiff's Amended Motion for Default Judgment, (Doc. No. 21).

## I.    BACKGROUND

Plaintiff filed its Complaint on December 7, 2015, (Doc. No. 1), and Defendant was served in person on February 19, 2016, (Doc. Nos. 3, 4).  Defendant failed to file an Answer; therefore, on July 13, 2016, the Court directed Plaintiff to file a Motion for Entry of Default.  (Doc. No. 7). Without offering any explanation as to his dilatory conduct, Defendant filed his Answer the next day on July 14, 2016.  (Doc. No. 8).  Thereafter, in order to comply with the Court's Order, Plaintiff filed its Motion for Entry of Default on July 27, 2016.  (Doc. No. 11).  That motion was denied as the Court granted Defendant latitude and accepted his untimely filed answer.  (Doc. No. 13). Nevertheless, after Defendant requested, received, and failed to comply with an extension of time to hold an initial attorneys' conference and file a certification thereof, (Doc. Nos. 14, 15), Plaintiff again filed a Motion for Entry of Default and the Clerk entered default on October 18, 2016, (Doc. Nos. 16, 18).  After the Clerk's entry of default, Plaintiff filed a Motion for Default Judgment and

Amended Motion for Default Judgment. (Doc. Nos. 19 and 21). Defendant has not responded to either, nor has he moved to set aside default.

## II.     LEGAL STANDARD

The entry of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure which provides in relevant part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).

Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001); Weft, Inc. v. GC Inv. Assocs., 630 F. Supp. 1138, 1141 (E.D.N.C. 1986) (citations omitted); see also FED. R. CIV. P. 8(b)(6) ("An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied."). Nonetheless, the defendant is not deemed to have admitted conclusions of law and the entry of "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Ryan, 253 F.3d at 780 (citations omitted); see also E.E.O.C. v. Carter Behavior Health Servs., Inc., No. 4:09-cv-122-F, 2011 WL 5325485, at *3 (E.D.N.C. Oct. 7, 2011). Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. See Ryan, 253 F.3d at 780 (citing Weft, 630 F. Supp. at 1141); DIRECTV, Inc. v. Pernites, 200 F. App'x 257, 258 (4th Cir. 2006) (a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)); Arista Records, LLC v. Gaines, 635 F. Supp. 2d 414, 416 (E.D.N.C. 2009); 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010)

("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

To that end, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If the court finds that liability is established, it must then determine damages. Carter Behavior Health, 2011 WL 5325485, at *4 (citing Ryan, 253 F.3d at 780-81; Gaines, 635 F. Supp. 2d at 416-17). The court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages. Id. (citing Lawbaugh, 359 F. Supp. 2d at 422). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so, but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. See EEOC v. CDG Mgmt., LLC, No. RDB-08-2562, 2010 WL 4904440, at *2 (D. Md. Nov. 24, 2010) (citations omitted); EEOC v. North Am. Land Corp., No. 1:08-cv-501, 2010 WL 2723727, at *2 (W.D.N.C. Jul. 8, 2010).

## III.   DISCUSSION

Defendant has been almost entirely unresponsive throughout this litigation, with his only filings being two motions for extensions and a short Answer to the Complaint wherein he by and large denied the substantive allegations in the Complaint. (Doc. Nos. 5, 8, 14). Indeed, the Court has not heard from Defendant in almost a year and Defendant has not cooperated with Plaintiff to

move the case forward.  <u>See</u> (Doc. No. 16).  Defendant has failed to defend himself in this lawsuit.  <u>See</u> Fed. R. Civ. P. 55.  Accordingly, default was appropriately entered, and the Court will proceed with the Motion for Default Judgment.  Plaintiff alleged that Defendant owes a student-loan debt of $25,857.17 plus 4.375% interest, totaling $36.097.57 as of October 8, 2015.  (Doc. Nos. 1 at ¶ 5, 9 at ¶ 5).  Despite Defendant's denial of these allegations, Plaintiff submits a Certificate of Indebtedness and Defendant's Federal Direct Consolidation Loan Application and Promissory Note demonstrating the debt Defendant owes.  (Doc. No. 1-1).  These well-pleaded allegations in the Complaint and Plaintiff's Declaration for Entry of Default and Default Judgment support findings that Defendant owes a debt to the U.S. government and owes it in the amount represented in the Complaint.  In conjunction with Defendant's failure to defend himself, default judgment is warranted as ordered below.

## IV.  CONCLUSION

Having reviewed the claims asserted in the Complaint, (Doc. No. 1), the Plaintiffs' Motions for Default Judgment, (Doc. Nos. 19, 21), and the associated memoranda, (Doc. Nos. 19-1, 21-1), the Court finds that Plaintiffs' Motion should be, and hereby is, **GRANTED**.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Amended Motion for Default Judgment, (Doc. No. 21), is **GRANTED**;

2. Judgment is entered in favor of Plaintiff against Defendant in the amount of $36,097.57 plus 4.375% interest from October 9, 2015 until the date of this Order;

3. Plaintiff shall be entitled to post-judgment interest at the statutory rate until the judgment is fully paid, pursuant to 28 U.S.C. § 1961;

4. Plaintiff's Motion for Default Judgment, (Doc. No. 19), is **DISMISSED as moot**; and

5. The Clerk of Court is directed to close this case.

Signed: September 8, 2017

Robert J. Conrad, Jr.
United States District Judge